IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IGNACIO JUAREZ-GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SAM OLSON, Chicago Field Office | ) | |
| Director, U.S. Immigration and | ) | |
| Customs Enforcement; MARKWAYNE | ) | Case No. 26 C 7186 |
| MULLIN, Secretary, U.S. Department | ) | |
| of Homeland Security; TODD | ) | |
| BLANCHE, U.S. Attorney General; | ) | |
| BRIAN ENGLISH, Warden, | ) | |
| Miami Correctional Center,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ignacio Juarez-Garcia, a noncitizen, has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement (ICE).

### Background

Juarez-Garcia is a citizen of Mexico who has resided in the United States since 2018. In June 2026, while Juarez-Garcia was a passenger in his wife's car, ICE executed a traffic stop on the car. ICE arrested Juarez-Garcia and detained him at the

---

[1] Pursuant to the government's status report and under Federal Rule of Civil Procedure 25(d), the Court substitutes Brian English for Warden Doe, whom Juarez-Garcia originally named as a respondent. The Court discusses the proper respondents in more detail in footnote 2.

Broadview Detention Center in Broadview, Illinois.  He filed this petition for writ of habeas corpus that day.  To preserve its jurisdiction, the Court temporarily precluded the government from removing Juarez-Garcia from the United States and from Illinois, Indiana, or Wisconsin.

ICE issued a Notice to Appear and initiated removal proceedings against Juarez-Garcia.  He appeared before an immigration judge and requested a custody redetermination hearing.  The immigration judge denied the request, citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  Juarez-Garcia remains in custody at the Miami Correctional Center in Bunker Hill, Indiana and has not received a bond hearing.

**Discussion**

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241.

Juarez-Garcia filed a petition for writ of habeas corpus alleging that he is being unlawfully detained because respondents will not provide him a bond hearing, as required under 8 U.S.C. § 1226(a).  The respondents argue that the Court lacks jurisdiction and that, even if the Court's review is not barred, Juarez-Garcia is not entitled to release because he is lawfully detained under 8 U.S.C. § 1225(b)(2)(A), which requires detention of individuals in its scope.[2]

---

[2] Respondents state that the arguments from the brief filed in another case in this district, *H.G.V.U. v. Smith*, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025), apply to this case.  Respondents reference several specific arguments from that brief but do not specifically reference the argument that all respondents except the detainee's immediate custodian should be dismissed due to lack of standing.  And the respondents do not argue in their brief in this case or in the brief adopted from *H.G.V.U.* that Juarez-Garcia has not named his immediate custodian as a respondent.  The Supreme Court

2

As discussed below, the Court concludes that it has jurisdiction over Juarez-Garcia's petition and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) at which the government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or flight risk.

## A.     Jurisdiction

The government argues that three sections of the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, strip the Court of jurisdiction over Juarez-Garcia's claims:  8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii).

### 1.     Section 1252(g)

The government argues that section 1252(g) bars jurisdiction because Juarez-Garcia is attempting to use his petition to undermine his removal proceedings.  Section 1252(g) provides that "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  The Seventh Circuit has stated, however, that § 1252(g) "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review."  *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021).  A

---

has explained, however:  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent . . . ."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  Juarez-Garcia is currently in custody at the Miami Correctional Center in Bunker Hill, Indiana.  Because Brian English is the Warden of Miami Correctional Center, the Court will substitute him as the sole respondent pursuant to Federal Rule of Civil Procedure 25(d).

3

detainee's claims that challenge fundamental legal errors that may violate the detainee's due process rights do not challenge the decision "to commence proceedings, adjudicate cases, or execute removal orders."  *Id.*; *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("[W]e read the language to refer to just those three specific actions themselves.").  Juarez-Garcia's petition challenges the unlawful nature of his detention without a bond hearing, not the respondents' decision to commence proceedings, adjudicate cases, or execute removal orders.  Juarez-Garcia's claim is outside the narrow reach of section 1252(g).

### 2.      Section 1252(b)(9)

Additionally, the respondents contend that Juarez-Garcia's claim is precluded by section 1252(b)(9) because it requires the Court to answer legal questions that arise from the decision to remove a noncitizen.  Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law," to review any questions of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States" except via judicial review of a final order of removal.  8 U.S.C. § 1252(b)(9).  Again, Juarez-Garcia's claim challenges his detention, not any action or decision related to his removal proceedings, and he seeks a bond hearing, not relief that would bar his removal.  *See Jennings*, 583 U.S. at 294 (holding that section 1252(b)(9) did not present a jurisdictional bar to challenge to prolonged immigration detention).  Review by the Court is not precluded by section 1252(b)(9).

### 3.      Section 1252(a)(2)(B)(ii)

Lastly, the respondents argue that section 1252(a)(2)(B)(ii) bars review of the "discretionary decision" to detain Juarez-Garcia.  Section 1252(a)(2)(B)(ii) states:  "no

4

court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1226(a) states:  "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  The respondents contend that the word "may" in § 1226(a) means that Juarez-Garcia's detention is a discretionary decision that is insulated from judicial review by § 1252(a)(2)(B)(ii).  But Juarez-Garcia seeks review of the scope of the respondents' detention authority under the immigration detention statutes.  This threshold legal question is "not a matter of discretion."  *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The Court concludes that it has jurisdiction over Juarez-Garcia's claims.

**B.      Basis for detention**

The question before the Court is whether Juarez-Garcia is detained pursuant to section 1225(b)(2)(A) or section 1226(a) of the INA.  Section 1226(a) states that

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) *may release* the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole[.]

8 U.S.C. § 1226(a) (emphasis added).  Section 1226 thus permits but does not require release on bond.  By contrast, section 1225(b)(2)(A) provides:  "[I]n the case of an alien

who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under Section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A); 8 U.S.C. § 1101(a)(13)(A) (defining "admission" as "lawful entry . . . into the United States after inspection and authorization by an immigration officer."). Section 1225(b)(2)(a) thus requires detention of those non-citizens who fall within its scope.

The respondents argue that—even if the Court has jurisdiction—Juarez-Garcia is not eligible for release because he is detained under section 1225(b)(2)(A).  In 2025, the Department of Homeland Security shifted away from the view it had held since the enactment of these provisions that "Section 1225(b)(2)(A) [applies] to aliens 'at the Nation's borders and ports of entry' and Section 1226(a) [applies] to aliens 'inside the United States.'"  *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *5 (7th Cir. July 30, 2026) (quoting *Jennings*, 583 U.S. at 287–88).  The Board of Immigration Appeals adopted the Department's revised view.  *Matter of Yajure Hurtado*, 29 I&N Dec. at 220–21 (holding that section 1225(b)(2)(A) requires detention of "aliens who are present in the United States without admission" as they are "applicants for admission" under that section).  Juarez-Garcia argues that the Department's historic view is correct and that he cannot be detained under section 1225(b)(2)(A) as he was not "seeking admission" at the time of his arrest in Illinois.  8 U.S.C. § 1225(b)(2)(A).  Instead, Juarez-Garcia urges, section 1226(a) governs his detention because he was present in the United States when he was arrested and detained.

The Seventh Circuit addressed this question shortly after Juarez-Garcia filed his

6

petition. It held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas*, 2026 WL 2198315, at *2. The Court held that section 1225(b)(2)(A) applies only to both an "applicant for admission" *and* one "seeking admission[,]" and as an immigrant who entered the country eight years ago, the petitioner "Cirrus Rojas is not presently seeking a form of relief qualifying as admission." *Id.* at *6. Rather, because he entered the country without admission or parole and was therefore inadmissible, he sought "asylum, withholding of removal, and protection under the Convention Against Torture in his removal proceeding—all legal statuses different from admission." *Id.* at *7 (cleaned up). The Court applied the ordinary meaning of "seeking admission" because Congress did not define the phrase. *Id.* Because Cirrus Rojas was not seeking admission, he could not be detained under section 1225(b)(2)(A).

Cirrus Rojas did not contest that he was an "applicant for admission" as defined in Section 1225(a)(1), which states that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for the purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Yet the Court rejected the government's view that "because Cirrus Rojas is '*deemed*' an 'applicant for admission,' he is also deemed to be all that flows from that term's ordinary meaning—including 'seeking admission[,]'" noting that the act of "deeming" indicates Congress's intent to depart from ordinary meaning only with respect to the term "applicant for admission[.]" *Id.* at *6–*7. Being deemed an applicant for admission is not, the Seventh Circuit explained, sufficient for detention under section 1225(b)(2)(A),

7

which requires that a non-citizen be both an "applicant for admission" and "seeking admission." *Id.* at *6.

In addition to its consideration of the statutory text, the Seventh Circuit noted that Cirrus Rojas's reading of the statute lacked the structural problems that the respondents' proposed reading created in both section 1225 and "the INA writ large." *See id.* at *10–*12. In particular, the government's proposed reading contravened the role of section 1226 as "the center of gravity for detention authority" and was inconsistent with Congress's broadening of the scope of offenses triggering mandatory detention under section 1226(c) via the Laken Riley Act, Pub. L. No. 11-1, 139 Stat. 3. *Id.* at *12 (quoting *Hernandez Alvarez v. Warden Miami FDC*, 175 F.4th 1258, 1276 (11th Cir. 2026)). That amendment was unnecessary, the court said, if section 1225(b)(2)(A) already required detention without bond of all inadmissible noncitizens present in the United States, as the respondents contended. *See id.*

The Seventh Circuit also looked to statutory history, purpose, and practice. "The government asks us to accept that Congress in [the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of] 1996 tucked 'the broadest mass-detention-without-bond mandate in our Nation's history' into an obscure corner of its new law and has never bothered to fund it for three decades since. . . We cannot believe Congress intended such a result." *Id.* at *15 (quoting *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69–70 (2d Cir. 2026), *petition for cert. filed*, No. 26-104 (U.S. July 24, 2026)). Lastly, the Court noted constitutional concerns under the Due Process Clause that the respondents' reading of the INA would raise. *Id.* at *16.

8

With *Cirrus Rojas*, the Seventh Circuit joined the majority of circuits—including the Second, Sixth, Ninth, Tenth, and Eleventh—in holding that section 1226 provides the basis for detention of immigrants present in the United States, as they are generally not seeking admission. *See Cunha*, 175 F.4th at 69; *Lopez-Camos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026), *cert. filed sub nom. Raycraft v. Lopez-Campos*, No. 25-1415 (S. Ct. June 22, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026); *Hernandez Alvarez*, 175 F.4th at 1285.

*Cirrus Rojas* also confirmed the approach of numerous judges in this district—including this Court—that previously held that § 1226(a), not § 1225(b)(2)(A), governs detention of noncitizens who are already in the country because they are no longer "seeking admission." *See, e.g.*, *Garcia Valerio v. Noem*, No. 25 C 13648, 2025 WL 3470733, at *2 (N.D. Ill. Dec. 3, 2025*)* (Kennelly, J.); *Garcia Rios v. Noem*, No. 25 C 13180, 2025 WL 3124173, at *3 (N.D. Ill. Nov. 7, 2025); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Padilla v. Noem*, No. 25 C 12462, 2025 WL 2977742, at *4 (N.D. Ill. Oct. 22, 2025); *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025); *Ochoa Ochoa v. Noem*, No. 25 C 10865, 2025 WL 2938779, at *7 (N.D. Ill. Oct. 16, 2025).

The respondents argue that these decisions are erroneous because any noncitizen who has not been lawfully admitted to the country is "seeking admission" and thus is subject to mandatory detention based on the plain language of section 1225(b)(2)(A). Respondents also note that courts have not been unanimous in interpreting sections 1225(b)(2)(A) and 1226(a), with the Fifth and Eighth Circuits, as

9

well as several district courts, adopting the respondents' view. *See, e.g.*, *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026). But these decisions are not binding on this Court and are unavailing in the face of the Seventh Circuit's decision in *Cirrus Rojas*.

The Court applies *Cirrus Rojas* and holds that Juarez-Garcia is detained pursuant to section 1226(a). He has resided in the country since 2018, for about eight years. As "[a]n alien present in the United States who has not been admitted or who arrives in the United States, . . . [he] shall be deemed for the purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). But he is not "seeking admission into the country" under the ordinary meaning of that phrase, and that is a requirement of section 1225(b)(2)(A). *Jennings*, 583 U.S. at 289. Juarez-Garcia is subject to discretionary detention under section 1226(a) rather than nondiscretionary detention under section 1225(b)(2)(A).

## C. Due process

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. The Supreme Court has held that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

To determine whether a violation of procedural due process has occurred, courts balance three factors: (1) whether a private interest is implicated by the government

10

action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

The Court concludes that the respondents' detention of Juarez-Garcia under section 1226(a) without a bond hearing violates his right to procedural due process.[3] Juarez-Garcia has an interest in being released from custody. The respondents' decision to detain him without a hearing erroneously deprives him of that interest. And the government's interest in detaining him without a bond hearing, including any fiscal and administrative burdens, is minimal at best.

Finally, the standard of proof "serves to allocate the risk of error between the

---

[3] The respondents argue that Juarez-Garcia has failed to exhaust administrative remedies. Judicial discretion governs whether exhaustion should be required in this case, as there is no statutory exhaustion requirement. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (holding that Congress did not require exhaustion for habeas petitions under 28 U.S.C. § 2241 or for "challenges to preliminary custody or bond determinations"). Judicial discretion should be governed by "balanc[ing] the individual and institutional interests involved[.]" *See id.* "[I]ndividual interests demand that exhaustion be excused when '(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.'" *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)). One of these factors is sufficient to excuse exhaustion. *Iddir*, 301 F.3d at 498. Given the "grave due-process concerns" of Juarez-Garcia's continued detention without a bond hearing, *Cirrus Rojas*, 2026 WL 2198315, at *16, as well as the adverse impact of his continued detention, exhaustion is not required. *See Alonso v. Swearingen*, No. 26 C 133, 2026 WL 1042517, at *3–4 (S.D. Ind. Apr. 17, 2026) (holding that exhaustion was not required for petitioner bringing due process claim for bond hearing under section 1226(a)).

11

litigants and to indicate the relative importance attached to the ultimate decision."
*Addington v. Texas*, 441 U.S. 418, 423 (1979).  At his bond hearing, the government must prove that detention of Juarez-Garcia is justified by clear and convincing evidence of his dangerousness or flight risk.  *See Galvis Cortes*, 2025 WL 3063636, at *6. [4]

### Conclusion

For the reasons stated above, the Court grants Juarez-Garcia's petition for a writ of habeas corpus [dkt. no. 1].  Respondents must, by August 20, 2026, release Juarez-Garcia under reasonable conditions of supervision unless he has, by that date, been provided with a bond hearing before an immigration judge, at which the government shall bear the burden of justifying his continued detention, by clear and convincing evidence of dangerousness or flight risk.  The Court directs the parties to file a status report by August 27, 2026 that addresses Juarez-Garcia's release status, including when he received a bond hearing, the result of that bond hearing, and the findings made by the immigration judge.  A telephonic status hearing is set for August 31, 2026 at 8:40 AM, using call-in number 650-479-3207, access code 2305-915-8729.  The Clerk is directed to substitute as the sole respondent in this case the following officer: Brian English, Warden, Miami Correctional Center.  The Clerk is also directed to amend the caption and title of the case accordingly.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 13, 2026

---

[4] In his reply, Juarez-Garcia asserts that he was arrested without a warrant and that ICE lacked probable cause to arrest him.  He seeks immediate release on this basis.  The Court does not address this argument, which was likely waived or forfeited because it \was raised for the first time in a reply brief, as Juarez-Garcia otherwise prevails.  *See United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023).